SCHMIDT v. LITTIG ET AL.

1. **Evidence**: INCOMPETENCY: OBJECTION ON APPEAL. Objection to a witness on the ground of incompetency cannot be raised for the first time in this court.

2. **Estates of Decedents**: EXECUTOR'S SETTLEMENT: OBJECTIONS: EVIDENCE. Action to set aside an executor's settlement, on the ground that he had not charged himself with money which he owed the estate, and that he had wrongfully charged plaintiff with money as an advancement. *Held* that the evidence justified the trial court in finding against plaintiff as to both claims.

*Appeal from Scott Circuit Court.*

MONDAY, JUNE 21.

ACTION in equity to set aside an executor's settlement. The plaintiff, Augusta Schmidt, is one of the children and devisees of Peter Littig, deceased. The defendant, John Littig, is executor of his estate. The plaintiff alleges that the defendant has been guilty of fraud in failing to report, as an asset of the estate, a debt due from him to the testator at the time of his death, and in charging her with $1,200 as an advancement applicable upon her legacy. There was a decree for the defendant. The plaintiff appeals.

*B. Peters* and *D. B. Nash*, for appellant.

*Davison & Lane* and *Gannon & McGuirk*, for appellees.

Miller v. Bradish.

ADAMS, CH. J.—It seems to be conceded that the defendant executor received of the testator $3,000, and has not repaid the same, nor reported it as an asset of the estate. He contends, however, that he received the same as a gift. While upon the stand, as a witness for the plaintiff, he testified positively that he received the money as a gift, and gave no note for it. Some question is raised as to the competency of the witness upon this point, but no objection to his competency appears to have been made at the time he testified, nor motion afterwards to rule the evidence out. We do not think such objection can be urged now for the first time. In addition, he is corroborated by one Mrs. Enderly, who testified to statements made to her by the testator. If there was any evidence to the contrary, it is impossible to say that there is such as to justify us in finding fraud.

The plaintiff was virtually charged with an advancement or loan of $1,200. In this she claims that she was wronged. It is not denied that she received that amount, but she contends that the evidence shows that the same was repaid by a conveyance of property. The fact appears to be that the plaintiff and her husband conveyed certain real estate to the the testator. But the plaintiff's husband had become involved in debt, and the testator took the property with an agreement to pay the debts. What it was worth, or what he sold it for, or what debts there were, does not appear.

We think that the evidence fails to sustain the plaintiff's claim.

AFFIRMED.